UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LEONARD AZEVEDO,<br><br>Plaintiff,<br><br>v.<br><br>THE PEOPLE, et al.,<br><br>Defendants. | No. 2:24-cv-03025-TLN-EFB (PC)<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has also filed an application to proceed in forma pauperis.  ECF Nos. 2.

**I.    Request to Proceed In Forma Pauperis**

Plaintiff has not paid the court's filing fee.  He requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  ECF No. 2.  Review of court records reveals that plaintiff has been determined to be a "three strikes" litigant, having had three or more prior cases dismissed for frivolity or failure to state a claim.  *Azevedo v. Smith, et al.*, E.D. Cal. Case No. 2:18-cv-02818-TLN-AC, ECF Nos. 5, 7, 16.

Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Plaintiff

1

has not alleged any facts which suggest that he is under imminent danger of serious physical injury. Therefore, the motion to proceed in forma pauperis will be denied.

Further, as discussed below, plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

This standard is echoed in 28 U.S.C. § 1915(e)(2), which requires that courts dismiss a case in which a plaintiff proceeds in forma pauperis at any time if it determines, among other things, that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." "[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)). Thus, § 1915(e)(2) allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as facts describing "fantastic or delusional scenarios." *Id.* at 327-38.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

Plaintiff's complaint challenges various aspects of his criminal trial. ECF No. 1. In *Heck v. Humphrey* and its progeny, the Supreme Court has held that, where a judgment in a prisoner's favor on § 1983 action would necessarily imply the invalidity of the prisoner's confinement, the prisoner's claim is not cognizable until he demonstrates that the sentence or conviction has been invalidated. *Heck*, 512 U.S. at 483, 486-87. Because it is clear from his complaint that plaintiff's claims fall within the rule of *Heck*, this case must be dismissed without prejudice to plaintiff bringing his claim in a petition for writ of habeas corpus.

**IV.    Order and Recommendation**

Accordingly, it is ORDERED that plaintiff's request to proceed in forma pauperis (ECF Nos. 2) is DENIED. It is further RECOMMENDED that the complaint be dismissed without prejudice and the Clerk of Court directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 16, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE